d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MODASER BAKHAT,<br>Plaintiff | CIVIL DOCKET NO. 1:26-CV-01452<br>SEC P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| RICKEY SPINNER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 filed by Petitioner Modaser Bakhat ("Bakhat" or "Petitioner"), an immigration detainee at the River Correctional Center in Ferriday, Louisiana. Petitioner challenges his continued post-removal-order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeks release from custody.

Petitioner has carried his initial burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. The Government has not rebutted that showing. Therefore, the Petition (ECF No. 1) should be GRANTED, and Petitioner should be RELEASED within seven days under appropriate conditions of supervision.

## I. Background

Petitioner is a native and citizen of Sudan who entered the United States without inspection. ECF No. 5-1 at 1. He has been detained since August 22, 2024 – just over two years and one month. *Id.*

On September 27, 2024, Petitioner was issued a Notice to Appear ("NTA"), charging him under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* However, on May 15, 2025, an immigration judge issued an order granting Withholding of Removal under the Convention Against Torture. *Id.* The Government reserved its right to appeal, but did not file an appeal by the June 16, 2025, deadline. *Id.*

On August 25, 2025, Enforcement and Removal Operations ("ERO") forwarded the case to Headquarters Division for assistance with third-country removal. ECF No. 5-1 at 2. ERO requested updates from Headquarters Division on January 8, April 11, April 25, and May 22, 2026. *Id.* But the Declaration does not identify any third country willing to accept Petitioner. *Id.*

## II. **Law and Analysis**

Petitioner does not ask the Court to vacate, review, or stay the removal order. He challenges only his continued post-removal-order detention. The Court has jurisdiction to consider that challenge. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention.").[1]

After entry of a final removal order, the Government ordinarily has 90 days to effectuate removal. *See* 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6), however, permits detention beyond 90 days for a period reasonably necessary to bring about a detainee's removal. *See Zadvydas*, 533

[1] *See also Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

U.S. at 689, 701. Detention for up to six months is "presumptively reasonable." *Id.* at 701. Thereafter, if a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing. *Id.*; *see also* 8 C.F.R. § 241.13.

The petitioner bears the initial burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Conclusory statements do not satisfy that burden. *See id.* at 543–44.

However, a petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702 (emphasis omitted). Rather, the petitioner must only establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Removal is not reasonably foreseeable merely because the Government continues removal efforts. *See id.* at 702.[2]

Here, Petitioner has been in post-removal-order detention for more than two years, so his detention is no longer presumptively reasonable under *Zadvydas*. *See Shengelia v. Ortega*, No. 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigr. & Customs Enf't*, No. 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *report and recommendation adopted*, 2026 WL 544292 (W.D. La. Feb. 26, 2026). And as the period of post-removal confinement grows, what counts as the "reasonably foreseeable future" correspondingly shrinks. *See Zadvydas*, 533 U.S. at 701.

---

[2] *Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *3 (W.D. Tex. Apr. 6, 2026); *see also Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779, 807 (M.D. La. 2026) ("'[C]ontinued efforts' or good faith efforts are not enough; *Zadvydas* itself rejected this idea."). The question is not whether ICE has acted diligently, but whether removal is actually likely to occur in the near future. *See Khurami v. Garcia*, No. 1:25-CV-01672, 2026 WL 2122961, at *3 (W.D. La. July 1, 2026).

The Court must next address whether Petitioner has established that there is no significant likelihood of removal in the reasonably foreseeable future. The inquiry is practical and record-specific, and it hinges upon the likelihood that removal will occur, not upon the Government's efforts or intentions to remove a detainee. *See Zadvydas*, 533 U.S. at 701–02; *Khurami*, 2026 WL 2122961, at *3.

Petitioner has shown that there is no significant likelihood of his removal in the reasonably foreseeable future. An immigration judge granted withholding of removal under the Convention Against Torture, which bars Petitioner's removal to Sudan. Because Sudan is his country of citizenship, the immigration judge's order clearly bars his repatriation. *See Altayb*, 2026 WL 550093, at *3 (collecting cases). And although ERO has pursued third-country removal for more than a year, no third country has agreed to accept him. ECF No. 5-1 at 2.

The burden therefore shifts to the Government to show a significant likelihood of removal in the reasonably foreseeable future. It has not done so.

The Government has established only that ERO forwarded Petitioner's case to Headquarters Division for assistance with third-country removal on August 25, 2025, and requested updates after that without succes. ECF No. 5-1 at 2. But the Government has not identified a third country willing to accept Petitioner. *Id.*

Moreover, the Supreme Court's recent order in *Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026) (mem.), does not require a different result. The Court: stayed a district court's judgment concerning the Government's third-country-removal guidance; treated the stay application as a petition for a writ of certiorari; granted it; and directed briefing on, among other questions, jurisdiction, the scope of 8 U.S.C. § 1252(f)(1), and the lawfulness of the guidance. But the Court did not decide those questions or otherwise address the

merits or questions presented here. Petitioner seeks individual habeas relief under *Zadvydas*; he does not seek class-wide relief, APA vacatur, or invalidation of any guidance. *See Zadvydas*, 533 U.S. at 701; *cf. Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022) (construing § 1252(f)(1)'s limit on class-wide injunctive relief).

Therefore, the controlling question remains whether the record indicates that removal is likely. *See Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *3–4 (W.D. Tex. Oct. 22, 2025). And again, the Declaration identifies no country that has been asked to receive Petitioner or has agreed to do so, no outstanding request for acceptance, and no travel documents in process. ECF No. 5-1 at 2.[3]

Whatever latitude § 1231(a)(6) affords the Government for temporary, good-faith efforts to arrange third-country removal, it does not authorize indefinite civil detention based on the Government's intentions or the general possibility of removal. *See Zadvydas*, 533 U.S. at 689–701.

## III. Conclusion

Petitioner has shown that there is no significant likelihood of his removal in the reasonably foreseeable future. The Government has not rebutted that showing. Petitioner's continued detention is no longer authorized by § 1231(a)(6). *See Zadvydas*, 533 U.S. at 699. Therefore,

[3] *See Alamrew v. Morgan*, No. CV 26-0871, 2026 WL 2561672, at *3 (W.D. La. June 22, 2026) (finding persuasive the argument that the declaration did not establish that any country had agreed to accept the petitioner or identify a scheduled removal flight, an approved removal form, or a country under active negotiation); *Takletsadik v. Patterson*, No. 3:26-CV-00517, 2026 WL 1883948, at *5 (W.D. La. June 15, 2026) (finding no "concrete plan for removal" where the declaration stated only that ERO "continues to work" with the Department of State and Headquarters to identify an alternative country). "[A] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 2026 WL 237282, at *9 (citing *Balouch v. Bondi*, No. 9:25-CV-216, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and that Petitioner be RELEASED from custody within seven days under appropriate conditions of supervision.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 5, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE